UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

                                      Case No. 16-20414

v.

Kenneth Sadler,                          Sean F. Cox
                                           United States District Court Judge

    Defendants.
_____/

## ORDER DENYING RULE 33 MOTION (ECF No. 742)

This matter is before the court on Defendant Kenneth Sadler's motion for a new trial under Fed. R. Crim. P. 33. For the reasons below, the Court shall DENY this motion.

### BACKGROUND

After a nineteen-day trial, a jury convicted Defendant Kenneth Sadler of various drug, gun, and witness-tampering charges on March 22, 2019.[1] That day, Sadler filed his written motion for judgment of acquittal under Fed. R. Crim. P. 29, which the Court denied on April 17, 2019.

On July 26, 2019, the Court held a status conference, at which Sadler moved for an extension of time to file a motion for a new trial under Fed. R. Crim. P. 33. The Court granted an extension. The Government objected to the timeliness of the motion, but reserved its objection to be addressed

---

[1] Sadler was tried on two separate indictments from two separate cases. The indictment from Case No. 16-20414 related to his drug and gun charges. The indictment from Case No. 18-20221 related to his witness-tampering charges. Sadler has filed his Rule 33 motion only in Case No 16-20414, even though his motion addresses evidence and argument related to the charges in Case No. 18-20221. Thus, to the extent Sadler is moving for a new trial on the charges in Case No. 18-20221, the Court will consider this motion to have been brought in that case as well.

1

in the briefing on the motion itself.

On September 23, 2019, Sadler filed his motion for a new trial under Fed. R. Crim. P. Rule 33. (ECF No. 742). Sadler raises four arguments in his motion. First, he argues that Sadler's original attorney, Doraid Elder, should not have been removed from this case and should not have been compelled to testify in the Government's case-in-chief. Second, he argues that the Court should have precluded testimony from two Sterling Heights police officers about drug transactions with Sadler in February 2012. Third, he argues that the Court erred when it failed to instruct the jury that the Government must have proven proximate cause to convict Sadler of the "serious bodily injury or death resulting" penalty enhancements. Fourth, he argues that the Court erred when it failed to give the jury a cautionary instruction in conjunction with Officer David Villerot's "lay expert testimony" about identifying Sadler's voice.

On September 30, 2019, the Government responded, renewing its timeliness objection and attacking Sadler's motion on the merits. (ECF No. 744).

## ANALYSIS

Rule 33 allows the Court, upon Defendant's motion, to "vacate any judgment and grant a new trial if the interest of justice so requires." Although a Rule 33 motion "may be premised upon the argument that the jury's verdict was against the manifest weight of the evidence," *United States v. Hughes*, 505 F.3d 578, 592 (6th Cir. 2007), Sadler does not make that argument here. Rather, he argues that he has identified four substantial legal errors that require the granting of a new trial. *See United States v. Munoz*, 605 F.3d 359, 373 (6th Cir. 2010) (recognizing that "it is widely agreed that Rule 33's 'interest of justice' standard allows the grant of a new trial where substantial legal error has occurred.").

Even assuming that Sadler's Rule 33 motion is timely, the Court concludes that it is meritless. Every single one of Sadler's arguments has already been previously raised, and ruled upon, in this case.

First, the Court ruled that the information that the Government sought to elicit from Elder was not privileged, and issued an order before Elder testified that specifically outlined what he could and could not testify to. (ECF No. 653). The Government adhered to the Court's order during its questioning of Elder. (ECF No. 726, PageID 6447-6451). Sadler's Rule 33 motion presents no persuasive argument for the Court to reconsider its conclusion on this issue, which is fully articulated in its March 13, 2019 Order. Nor does it identify any privileged information that was actually revealed by Elder's testimony. Accordingly, the Court concludes that this argument is meritless.[2]

The Court notes that, in a section heading of his motion, Sadler appears to also argue that the Honorable Avern Cohn (who handled all pre-trial proceedings in this case) erred by terminating Elder's representation of Sadler. Sadler does not expand on this argument in the body of his motion and, therefore, it is waived.

Second, the Court previously ruled—over the same Fed. R. Evid. 404(b) objection that Sadler raises now—that the testimony from Sterling Heights officers regarding drug sales made by Sadler in February 2012 was admissible and that a cautionary instruction was unnecessary. (ECF No. 658); (ECF No. 727, PageID 6630). Sadler's Rule 33 motion presents no persuasive argument for the Court to reconsider its conclusion on this issue.

---

[2]This argument is the only one that relates to the charges in Case No. 18-20221. The other arguments relate to the charges in Case No. 16-20414.

3

Third, Sadler re-raises an argument that has already been rejected by the undersigned and Judge Cohn: that the jury should have received a proximate-cause instruction regarding the "serious bodily injury or death resulting" penalty enhancements. Sadler now cites *United States v. Jeffries,* Case No. 16-CR-180 (N.D. Ohio, order filed on October 1, 2018), a case where the Honorable Solomon Oliver, Jr., held that failure to give a proximate-cause jury instruction in a "death-resulting" case constituted substantial legal error that required a new trial. (ECF No. 742, PageID 6940-6957). The Government has appealed Judge Oliver's order, and that case is currently pending at the Sixth Circuit.

The Court has read and considered Judge Oliver's order but, respectfully, is not persuaded to reconsider its earlier determination that a proximate-cause jury instruction is not appropriate. (ECF No. 727, PageID 6625); (ECF No. 270).

Fourth, the Court ruled that, under Fed. R. Evid. 901(b)(5), the Government had laid a proper foundation for Villerot to opine as to whether the speaker he heard on a cell phone was Sadler. (ECF No. 726, PageID 6371). Sadler's Rule 33 motion presents no persuasive argument for the Court to reconsider its conclusion on this issue

## CONCLUSION

For the reasons above, the Court **DENIES** Sadler's motion for a new trial.

**IT IS SO ORDERED**.

                                           s/Sean F. Cox
                                           Sean F. Cox
                                           United States District Judge

Dated: October 8, 2019